## John Y. Bevier v. Harvey Wright.

*Referee's report: Exceptions: Findings of fact: Conclusions of law.* Where a case which has been referred comes up for review upon exceptions to the report of the referee alone, without any bill of exceptions bringing up the proceedings before the referee, his findings of fact are conclusive, and the only points that can be raised relate simply to the correctness of his conclusions of law.

*Breach of contract: Damages: Findings of fact: Conclusion of law: General objection.* In an action to recover damages for the breach of a building contract, where a referee's report finds as facts the making of a contract which was abandoned and broken, and that damages resulted, the conclusion of liability for an amount stated, in the absence of any exception to any of the items found, is not open to the general objection that it is inconsistent with the findings of fact.

*Heard October 27. Decided October 30.*

Error to Barry Circuit.

*Taylor & Eddy,* for plaintiff in error.

*Wright & Holbrook* and *John Carveth,* for defendant in error.

CAMPBELL, J.

Wright sued Bevier to recover damages for the breach of a building contract which Bevier was alleged to have left unfinished. The case was referred, under the statute, to Clement Smith. He made one report which was vacated. A second report was confirmed, and judgment was rendered thereon in favor of plaintiff below; and errors are now assigned on this confirmation.

No bill of exceptions was settled before the referee, and the case stands on the exceptions to the referee's report filed at the circuit.

Upon these exceptions the findings of fact are conclusive, and the only points that can be raised relate to the correctness of his conclusions of law.—*Comp. L.*, § *5812.* And we can only review the decision of the circuit court on the questions so raised.—See *Abbott v. Mathews, 26 Mich. R., 176.*

The questions which were presented to us on the argument all seem to be such as could only have been properly raised upon a bill of exceptions based upon the proceedings before the referee. The exceptions to the report are very vague. The only one which is pertinent to the report itself is a general one that the conclusions are inconsistent with the findings of fact. The remainder could not be applied without going beyond the report.

We do not think that exception well founded. The report contains a statement of a contract abandoned and broken, and of the damages resulting from it. There is no exception to the correctness of any of the items found, or indicating any want of certainty in it. The conclusion of liability for the amount adjudged is correct if the findings of fact are correct.

While we find nothing to warrant us in considering the points which are not properly presented by the record, we do not feel assured that if the matter spread out in the

return were in a shape to be passed upon, any right would appear which has been destroyed by the omission.

The judgment must be affirmed, with costs.

The other Justices concurred.